Mr. Justice Scott delivered the opinion of the Court. The testimony shows distinctly that the stated account relied upon was nothing more or less than a mere verbal promise to pay $190 67, parcel of an aggregate sum claimed of $241 34, founded upon some half dozen stale notes and accounts; all oí which were sufficiently ancient to have been barred by the statute of limitations some years before. There was no evidence at all of any new consideration to support the alleged stated account as a new and independent contract. Whatever may have been the decisions of the English courts before the passage of Lord Tenterdon’s act, of which our statute is very nearly a literal copy, since that time, it is beyond cavil that no stated account, short of one amounting to a written promise or acknowledgement will take a case out of the operation of the statute unless there be evidence of a new consideration sufficient to support it as an independent contract. To hold otherwise would be to permit the provisions of the statute requiring the new promise to be in writing to be evaded and the policy of the act to be defeated, (Turbuck vs. Bispham, 2 Mees. & Welb 2. Angell on Lim. ch. 15, scc. 5, p. 302, 2 ed. Chit. on Con. 6 Amer. Ed. p. 808, and the authorities cited in these two works.) This is a very different case from the actual settlement of mutual accounts and the striking a balance. Such a process converts ,the set-off into payment. But the mere going through an account where there are items on one side only does not alter the situation of the parties at all or constitute any new consideration. Ashby vs. James, 11 Mees. & Welb. 543. The verdict and judgment being unsupported by the evidence the court erred in overruling the motion for a new trial. Let the judgment be reversed and the cause remanded.